IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | LEAD CASE NO. 10-07462 (ESL) |
| GIOVANNA COLON ORTIZ | CHAPTER 7 |
| Debtor | |
| GIOVANNA COLON ORTIZ | ADV. PROC. NO. 13-00229 (ESL) |
| Plaintiff | |
| vs. | |
| MINERVA LUGO QUIÑONES | |
| Defendant | |

ORDER

This case is before the court upon the *Motion for Summary Judgment* (Docket No. 17) filed by the Plaintiff seeking damages against the Defendant for an alleged violation to the discharge injunction.  Also before the court is the *Opposition to Plaintiff's Summary Judgment Motion and Defendant's Request for Summary Judgment Motion* (the "*Cross Motion for Summary Judgment*", Docket No. 21) denying any violation to the discharge injunction.

With the exception of the Exhibit 8 to Plaintiff's *Motion for Summary Judgment*, to wit, the *Unsworn Statement under Penalty of Perjury* (Docket No. 17-1, pp. 19-20), the remaining seven (7) exhibits (Docket No. 17-1, pp. 1-18) were filed in Spanish.  No provision or request was made by the Plaintiff to provide for the required certified translations.  Likewise, the Defendant's Exhibits 1 and 2 in her *Cross Motion for Summary Judgment* (Docket Nos. 21-1, pp.1-3, and 21-2, pp. 1-12) were also filed in Spanish.

Federal litigation in Puerto Rico shall be conducted in English.  See 48 U.S.C. § 864. Thus, U.S. District Courts cannot consider documents filed in Spanish.  See Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 27 (1st Cir. 2011) ("the law is clear that any submitted exhibit not directly translated into English or provided with a corresponding English translation may properly be disregarded by the district court"); Puerto Ricans for P.R. Party v. Dalmau, 544

F.3d 58, 67 (1st Cir. 2008) (pursuant to 48 U.S.C. § 864, U.S. District Courts improperly relied on an untranslated Spanish language state court opinion in its dismissal); González-De-Blasini v. Family Department, 377 F.3d 81, 89 (1st Cir. 2004) ("In collecting a record ... a district court must sift out non-English materials, and parties should submit only English-language materials"); Estades-Negroni v. Assocs. Corp. of N. Am., 359 F.3d 1, 2 (1st Cir. 2004) ("[t]he district court should not have considered any documents before it that were in the Spanish language"); United States v. Rivera-Rosario, 300 F.3d 1, 6 (1st Cir. 2002) ("it is the independentduty of the district court to make sure that all pleadings and proceedings be conducted in the English language").

U.S. Bankruptcy Courts are units of the U.S. District Courts.  See 28 U.S.C. § 151.

PR L. Cv. R. 5(g) requires that:

all documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts.

Similarly, PR LBR 9070-1(c) states as follows:

Copies of exhibits that are intended to be offered as exhibits in a contested matter or hearing must be legible and copies of photographs must be in color, unless the original photograph is in black and white. Exhibits submitted in violation of this rule will not be admissible into evidence. All exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator.

In view of the foregoing, the court cannot consider the supporting exhibits submitted by the Plaintiff and the Defendant in their motions for summary judgment.  Hence, the parties are hereby ordered to file certified translations of such exhibits within 21 days.  Failure to do so will result in the denial of their motions.

SO ORDERED.

In San Juan, Puerto Rico, this 24th day of September, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge

-2-